HUTCHINSON SUGAR COMPANY *vs.* HAWAIIAN GOV-

ERNMENT, and O. T. SHIPMAN, Deputy Tax Assessor.

SUBMISSION ON AGREED FACTS.

HEARING, AUGUST 27, 1891.    DECISION, OCTOBER 20, 1891.

JUDD, C.J., BICKERTON AND DOLE, JJ.   McCULLY, J., ABSENT.

A person holding an appointment from the Hawaiian Government, which is of value to himself, either from the pay or salary belonging to the position or because of business patronage which it promotes, is not a "disinterested person" under Section 45 of the Law of Internal Taxes, and is disqualified from sitting as a member of a Tax Appeal Court.

OPINION OF THE COURT, BY DOLE, J.

This case comes before us upon the following stipulation: "It is agreed that this cause shall be heard by the Supreme Court in banco in the first instance. It is agreed that the question submitted to the decision of the Supreme Court shall be whether or not, on the facts presented by the record, the proceedings of the Tax Appeal Court in this matter were invalidated by said C. Meinecke's sitting and acting as a member. And that if so invalidated, the prayer of the petitioner shall be granted."

The circumstances of the case are these: In 1890 the plain-tiff made its returns to the assessor of its property situate in Kau, on the island of Hawaii, in the amount of $411,909.98.

The assessor raised the valuation to $661,918.50, from which assessment the plaintiff appealed to the tax appeal court, of which one C. Meinecke is a member. The plaintiff protested against the said C. Meinecke sitting as a member of the said court at the hearing of the said appeal, on the ground that he was not disinterested, being employed by the Hawaiian government as postmaster, under a salary, and was therefore disqualified, and also on the ground that he was hostile to and prejudiced against the plaintiff and was engaged in litigation with it, and was thereby biased.

The tax appeal court, notwithstanding the plaintiff's protest, heard the case and rendered a decision therein, fixing the value of the plaintiff's property for taxation purposes at $613,861.00 and costs at $202.00, upon which valuation the plaintiff paid taxes, together with the said costs, under protest.

The law provides that the several tax appeal courts shall be composed of a circuit or police judge, "together with two disinterested persons, to be appointed by the Minister of Finance." Was C. Meinecke disqualified from sitting as a member of such a court by reason of his office of postmaster or of the litigation with the plaintiff? The evidence shows hostile language against the plaintiff on the part of Meinecke, but does not definitely fix the time when it was uttered, except that it was before the sitting of the tax appeal court. It may have been so long before as to be without importance to the issue raised. In regard to the connection of Mr. Meinecke with the Hawaiian Government—one of the defendants—as postmaster, we think that that is a relation which tends to undermine the impartiality of one subject to it. The position, indeed, was probably not an important one and the salary may have been small, but it may have been of value to Meinecke; his business as a storekeeper would naturally have made the establishment of the district post office in his store a matter of importance to him from the number of persons who would be thereby constantly drawn to the building.

We are therefore of the opinion that C. Meinecke was not a disinterested person in the meaning of the statute, and was

therefore disqualified from acting as a member of the tax appeal court in question, and that the said action of the said court was illegal and must be set aside. The excess of taxes paid by the plaintiff over those due on the returns made by it, together with the costs of the appeal and interest, must be returned to the plaintiff by the defendants. Decree accordingly.

*F. M. Hatch* and *C. L. Carter*, for plaintiff.

*A. P. Peterson* and *Attorney-General Whiting*, for defendants.